# JAMES FREDERICK JORDAN v. STATE OF MARYLAND

[No. 182, September Term, 1973.]

*Decided October 31, 1973.*

The cause was argued before MOYLAN, POWERS and MOORE, JJ.

*Elliott P. DeMatteis*, with whom was *Frank B. Haskell, III*, on the brief, for appellant.

*James L. Bundy, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A.*

*Marshall, Jr., State's Attorney for Prince George's County,* and *Edward G. Neal, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, James Frederick Jordan, was convicted in the Circuit Court for Prince George's County by a jury, presided over by Judge William H. McCullough, of armed robbery. Upon this appeal, he raises three somewhat novel contentions:

(1) That the in-court identifications of him by the robbery victims were tainted because they were the products of earlier photographic viewings;

(2) That he was erroneously denied the identity of an anonymous tipster; and

(3) That the trial court committed error in denying his motion for a mistrial when the State was permitted to develop improper rebuttal testimony.

## The In-Court Identifications

The robbery occurred on October 10, 1972. On October 13, two victims, Morris Pincus and James Cheek, picked out photographs of the appellant. There is no question raised as to the propriety of that photographic viewing and, furthermore, it is clear from the evidence that it was fair in all regards. The ultimate in-court identifications were made on January 18, 1973. Between those two dates, the witnesses had an opportunity to confirm or refresh their identifications. When the case was called for trial and then postponed on December 12, 1972, Pincus and Cheek again looked at the group of six photographs and again picked out the photograph of the appellant.

The appellant claims that this "refresher" may well have assisted Pincus and Cheek in making in-court identifications at trial. He may well be absolutely right, but that fact does not contaminate the State's case. An in-court identification will only be excluded when it is shown to be the product of an *impermissibly suggestive* pretrial identification. *United*

*States v. Wade*, 388 U. S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149; *Gilbert v. California*, 388 U. S. 263, 87 S. Ct. 1951, 18 L.Ed.2d 1178; *Smith and Samuels v. State*, 6 Md. App. 59, 250 A. 2d 285. There is no requirement that an in-court identification must flow from an independent source, rather than be the product of a proper pretrial identification. Whether Pincus and Cheek, when they made their in-court identifications, did so because they had independent recollection from the crime scene or did so because they remembered the photograph which they had earlier identified is a matter which the appellant could explore on cross-examination, going as it does to the weight of the in-court identifications. In no event, however, is an in-court identification excludible simply because the recollection is of the latter type rather than of the former type.

## The Identity of the Tipster

Detective Elmer Snow received a tip from an anonymous informant which caused him to place a photograph of the appellant in the group of six photographs which he showed to Pincus and Cheek on October 13. The appellant now claims that he was entitled to know the identity of that anonymous tipster. We do not agree. We need not invoke the rule of *Drouin v. State*, 222 Md. 271, 160 A. 2d 85, *Gulick v. State*, 252 Md. 348, 249 A. 2d 702, *Nutter v. State*, 8 Md. App. 635, 262 A. 2d 80, and *Roviaro v. United States*, 353 U. S. 53, 77 S. Ct. 623, 1 L.Ed.2d 639, that the police need divulge the identity of an informant only when that informant "was a participant, accessory or witness to the crime." *Nutter v. State, supra.* Since information from the anonymous tipster was not even offered on the issue of probable cause and constituted no element in the State's case, we do not deem the "tipster" here even to be an "informant" within the contemplation of this limited disclosure rule. It simply does not matter what caused the police to place the appellant's photograph in the selection of photographs to be viewed, and the issue is one of total irrelevancy.

### Rebuttal Testimony

The appellant's final contention is that the State was erroneously permitted to call Charles Goldberg as a rebuttal witness. Mr. Goldberg had been an eyewitness to the crime. He was not called during the State's case in chief. The appellant took the stand in his own defense and denied all involvement with the crime. He went further and asserted an alibi. The State's use of the additional eyewitness to rebut the alibi and the denial of complicity was perfectly proper rebuttal testimony under the circumstances. The appellant, in oral argument, advances the theory that the State should be required to use all available evidence during its case in chief. We know of no such proposition of law.

The decision over what is proper rebuttal testimony is one left to the sound discretion of the trial judge. We see no abuse of that discretion in the case at bar.

*Judgment affirmed.*